UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-CR-20175-GRAHAM/GOODMAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JULIO E. NAVARRO,

    Defendant.

_____/

## REPORT AND RECOMMENDATIONS ON CHANGE OF PLEA

**THIS CAUSE** is before the Undersigned on the District Court's Order of Reference [ECF No. 23] to conduct a change of plea hearing for the acceptance of the defendant's guilty plea, and the Undersigned, having conducted the hearing, recommends to the District Court as follows:

1. On May 28, 2013, the Undersigned convened a hearing to permit the defendant to enter a change of plea. The Undersigned advised the defendant of the right to have these proceedings conducted by the District Judge assigned to the case. Further, the Undersigned advised the defendant that the Undersigned was conducting the change of plea hearing on an Order of Reference from the District Court and with the agreement of the defendant, the defendant's attorney, and the Assistant United States Attorney assigned to this case. The Undersigned further advised the defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning the defendant's sentence and would conduct a sentencing hearing at a time set by the District Court.

2. The Undersigned advised the defendant that the defendant did not have to permit the Undersigned United States Magistrate Judge to conduct this hearing and could require that the change of plea hearing be conducted only by a United States District Judge. The defendant, the defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to the Undersigned conducting the change of plea hearing.

3. The Undersigned conducted a plea colloquy in accordance with Rule 11 of the Federal Rules of Criminal Procedure.

4. There is no written plea agreement in this case. The only oral agreement between the parties is that the United States agrees to dismiss Count II at sentencing if defendant enters a guilty plea to Count I. The parties acknowledged on the record that there are no other agreements, express or implied. The Undersigned also made certain that the defendant was aware of any minimum mandatory sentences and maximum sentences which could be imposed in this case pursuant to the applicable statutes.

5. The defendant pled guilty to **Count I** of the Indictment. **Count I** as set forth in the Indictment reads as follows:

**<u>Count I</u>**

On or about December 13, 2012, in Miami-Dade County, the Southern District of Florida, the defendant,

**JULIO ENRIQUE NAVARRO**
a/k/a "Julio Garcia,"
a/k/a "Julio Navarro,"

did knowingly obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, by means of robbery, as the terms "robbery" and "commerce" are defined in Title 18, United States Code, Sections 1951(b)(1) and (b)(3), in that the defendant did take United States currency from the person and in the presence of persons employed by Pizza Patron, located at 2360 West 68th Street, Hialeah, Florida, a business and company operating in interstate and foreign commerce, against the will of those persons, by means of actual and threatened force, violence, and fear of injury to said persons, in violation of Title 18, United States Code, Section 1951(a).

6. Defendant signed a written factual proffer providing the requisite factual basis for the entry of the plea, which included all of the essential elements of the crime to which the defendant is pleading guilty, and any sentencing enhancements and/or aggravating factors that may be applicable. The defendant acknowledged the possible maximum penalty which could be imposed in this case under Count I.

7. Based upon all of the foregoing and the plea colloquy conducted by the Undersigned, the Undersigned respectfully recommends to the District Court that the defendant be found to have freely and voluntarily entered a guilty plea to Count I of the Indictment, as more particularly described herein, and that the defendant be adjudicated guilty of that offense.

8. A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office, and sentencing has been set for July 30,

2013 at 2:00 p.m., at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Courtroom 13-4, Miami, Florida.

**ACCORDINGLY,** the Undersigned respectfully recommends to the District Court that the defendant's plea of guilty be accepted, the defendant be adjudicated guilty of the offense to which a plea of guilty has been entered, and that a sentencing hearing be conducted for final disposition of this matter.

The parties shall have 14 days from the date of this Report and Recommendations within which to file objections, if any, with the Honorable Donald L. Graham, United States District Judge assigned to this case. Failure to file timely objections waives a party's right to review issues related to the defendant's plea under Fed. R. Crim. P. 11 before the District Judge or the Court of Appeals (even under a plain error standard). *See* Fed. R. Crim. P. 59(b)(1), (2), *cited in United States v. Lewis,* 492 F.3d 1219, 1222 (11th Cir. 2007) (en banc).

**RESPECTFULLY RECOMMENDED** at Miami, Florida, this 29th day of May, 2013.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All counsel of record